■  In the Matter of JOHN M. POWER. [732 NYS2d 856] —Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.

(October 30, 2001)

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BARRER, Appellant. [731 NYS2d 708] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered August 13, 1998, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). The court excluded any inquiry as to defendant's four misdemeanor convictions but properly permitted the People to inquire into the nature and underlying facts of defendant's two prior felony drug sale convictions as well as his use of an alias (*People v Castrillo*, 260 AD2d 280, *lv denied* 93 NY2d 1001) since these acts demonstrate defendant's willingness to place his interests above those of society and have a direct bearing on his veracity. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WILLIAMS, Appellant. [732 NYS2d 338] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered January 29, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of one year, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). The court properly credited testimony that clearly established the legality of the vehicle stop based on a traffic violation, as well as the legality of the ensuing frisk based upon defendant's suspicious movements and the officer's observation of a bulge in defendant's pocket resembling a weapon. Further, defendant's inculpatory statement, made after the arresting officer's *Miranda* warning, was properly found admissible. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.